UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DOUGLAS R. MILLER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

July 23, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Brittany E. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-3116-DRM

Dear Counsel:

On October 28, 2024, Plaintiff Brittany E. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF No. 8) and the parties' briefs (ECF Nos. 11, 13). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

### I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on January 14, 2020, alleging a disability onset of January 1, 2020. Tr. 149-50, 183. Plaintiff's claims were denied initially and on reconsideration. Tr. 78-81, 83-87. On October 14, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 32-54. Following the hearing, on September 20, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-27. The Appeals Council denied Plaintiff's request for review, Tr. 1-3, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

### II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on October 28, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Relevant to this case, a claimant cannot be found disabled if drug addiction or alcoholism ("DAA") are material to the determination of disability. *See* 42 U.S.C. § 423(d)(2)(C). When evidence of DAA is present, an ALJ must determine whether DAA is a "contributing factor material to the determination of disability" unless the ALJ finds that the claimant is eligible for benefits due to age or blindness. 20 C.F.R. §§ 404.1535(a), 416.935(a). In assessing the materiality of DAA, an ALJ "evaluate[s] which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [their] current disability determination, would remain if [the claimant] stopped using drugs or alcohol[.]" 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). The ALJ then "determine[s] whether any or all of [the claimant's] remaining limitations would be disabling." 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). This evaluation involves "apply[ing] the steps of the sequential evaluation [process] a second time[.]" Social Security Ruling ("SSR") 13-2p, 2013 WL 621536, at *4 (Feb. 20, 2013). If the ALJ determines that the claimant's remaining limitations would not be disabling, then the ALJ must find that DAA is a contributing factor material to the determination of disability. *See* 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i). If the ALJ determines that the claimant's remaining limitations would be disabling, then the ALJ must find that DAA is not a contributing factor material to the determination of disability. *See* 20 C.F.R. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since January 1, 2020, the alleged onset date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "bipolar disorder; ADHD; other substance use disorder; alcohol use disorder; unspecified anxiety disorder; and obesity." Tr. 20. The ALJ also determined that Plaintiff suffered from the non-severe impairments of allergic rhinitis; herpes simplex; otitis externa; and dog bite. Tr. 20. At step three, the ALJ determined that, "[i]ncluding [Plaintiff's] substance use, the severity of [Plaintiff's] impairments met the criteria of section 12.04 of 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. The ALJ further determined that, if Plaintiff "stopped the substance use": (1) Plaintiff's "remaining limitations would cause more than a minimal impact on [Plaintiff's] ability to perform basic work activities; therefore, [Plaintiff] would have a severe impairment or combination of impairments"; and (2) Plaintiff "would not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22.

The ALJ determined that, if Plaintiff "stopped the substance use," Plaintiff would retain

the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) provided such work does not require performing more than simple 1-4 step, routine, repetitive tasks in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional contact with co-workers and supervisors, and no contact with the general public, and which would not require a fast pace or production quotas such as would customarily be found on an assembly line.

Tr. 24. The ALJ determined that a finding as to Plaintiff's ability to perform past relevant work is expedited, and if Plaintiff stopped the substance use, Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 26. The ALJ concluded that Plaintiff's "substance use disorder is a contributing factor material to the determination of disability because [Plaintiff] would not be disabled if he stopped the substance use." Tr. 27. Therefore, the ALJ determined that, "[b]ecause the substance use disorder is a contributing factor material to the determination of disability," Plaintiff was not disabled. Tr. 27.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises three arguments on appeal, specifically that the ALJ erred in assessing Plaintiff's RFC; (2) the ALJ erroneously evaluated Plaintiff's subjective complaints; and (3) the ALJ failed to properly develop the administrative record. ECF No. 11, at 3-21. Specifically, as to Plaintiff's first argument, Plaintiff avers that the ALJ: (1) did not provide a narrative discussion to support the limitations assessed in the RFC; (2) failed to address Plaintiff's abilities to perform work-related activities eight hours per day, five days per week; (3) failed to explain how Plaintiff, with a moderate concentration, persistence, and pace ("CPP") limitation, could be on task for 90 percent of the workday; (4) failed to properly evaluate the opinions of Dr. Siddique; and (5) applied an improper standard in finding Plaintiff's substance use a contributing factor material to the determination of disability. *Id.* at 6-17. Defendant counters that the ALJ properly applied the

*Brittany E. v. Bisignano*
Civil No. 24-3116-DRM
July 23, 2025
Page 4

regulatory framework in finding Plaintiff's alcohol use material to the determination of disability; substantial evidence supports the ALJ's assessment of Plaintiff's RFC if she stopped her alcohol use; Plaintiff fails to identify any error in the ALJ's subjective symptom analysis; and the ALJ did not abuse his discretion in declining to order a consultative physical examination or further develop the record. ECF No. 13, at 3-20.

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas, CPP, concerns "the abilit[y] to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* § 12.00(F)(2)(c).

Specific to a limitation in the functional area of CPP, an ALJ must expressly account for such limitation, or explain why no such limitation exists, in the function-by-function analysis. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638 (citation omitted) (joining the Third, Seventh, Eighth, and Eleventh Circuits in finding "that an ALJ does not account for a claimant's limitations in [CPP] by restricting the hypothetical question to simple, routine tasks or unskilled work"); *Shinaberry*, 952 F.3d at 121-22. However, when a medical opinion provides "detailed findings" regarding a claimant's "sustained concentration and persistence limitations," an ALJ may account for those limitations by assigning persuasive weight to the opinion and incorporating the opined limitations into the RFC. *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017).

Here, the ALJ determined that Plaintiff had a moderate CPP limitation if the substance use was stopped. Tr. 23. In assessing Plaintiff's RFC, the ALJ acknowledged that Plaintiff "alleged she is limited in her ability to work by ADHD with executive functioning disorder and bipolar disorder" and she "alleged difficulty remembering things, concentrating, and completing tasks," as well as handling stress. Tr. 24. The ALJ observed that Plaintiff "testified that she avoids interacting with others[,]" and "has difficulty concentrating." Tr. 24. The ALJ also examined the objective medical evidence and observed that, in June 2020, Plaintiff's "attention was good, as evidenced by the ability to accurately track without distraction during the session," and in 2021, Plaintiff "exhibited impairment of attention/concentration and moderate impaired ability to make reasonable decisions." Tr. 25. Regarding Plaintiff's mental impairments, the ALJ found that, if Plaintiff stopped the substance use, Plaintiff could perform work that "does not require more than simple 1-4 step, routine, repetitive tasks in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional contact with co-workers and supervisors, and no contact with the general public, and which would not require a fast pace or production quotas such as would customarily

be found on an assembly line." Tr. 24. However, the ALJ did not provide a narrative discussion to support the RFC's mental provisions.

The Court agrees with Plaintiff that the ALJ's lack of explanation warrants remand. A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). SSR 96-8p details the steps an ALJ must take when assessing a claimant's RFC. *See generally* SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ruling provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. Here, the ALJ contravened SSR 96-8p by failing to explain how the evidence specifically supported each of the RFC's provisions. *See id.*; *see also Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) ("[M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion.").

Defendant points to, among other things, the ALJ's consideration of Plaintiff's statements, mental status examinations, course of treatment, effectiveness of treatment, part-time work activity, and medical opinion evidence, as evidence that the ALJ sufficiently explained the provisions in the RFC. ECF No. 13, at 6-15. To be sure, this evidence *may* support the conclusion that the mental restrictions in the RFC accommodate Plaintiff's moderate CPP limitation. But SSR 96-8P requires the ALJ to "describ[e] *how* the evidence supports *each*" of the ALJ's conclusions. SSR 96-8P, 1996 WL 374184, at *7 (emphasis added). By failing to specifically address how the evidence supports the inclusion of each of the provisions in the RFC, the ALJ contravened SSR 96-8P. Defendant's argument is therefore unavailing.

Ordinarily, remand of an SSA decision for legal error is unwarranted unless plaintiff shows that the error was harmful. *See Josiah T. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3572, 2022 WL 684944, at *2 (D. Md. Mar. 8, 2022) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). However, the ALJ's failure to adequately explain each of the RFC's provisions is not harmless because the Court is "left to guess" on review how the ALJ determined that Plaintiff's mental limitations in the RFC would accommodate Plaintiff's moderate CPP limitation. *Mascio*, 780 F.3d at 637. Moreover, the ALJ did not explicitly base these RFC provisions on any opinions contained in the record.[3] *Cf. Sizemore*, 878 F.3d at 80-81 (affirming an ALJ's decision where: (1) the ALJ adopted certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned the opinion "significant weight"). These gaps in the ALJ's analysis frustrate meaningful review and warrant remand. *See Mascio*, 780 F.3d at 637; *see also* SSR 13-2p, 2013 WL 621536, at *2 (Feb. 20, 2013) ("All adjudicators must provide sufficient information in their determination or decision

---

[3] The ALJ found Dr. Siddique's opinion, which opined as to Plaintiff's mental limitations, "only somewhat persuasive" and that Dr. Siddique's findings "are of less persuasive value." Tr. 25. But the ALJ did not identify the portions of Dr. Siddique's opinion that were or were not persuasive. Therefore, absent further analysis, it is unclear whether the ALJ was persuaded by Dr. Siddique's findings regarding Plaintiff's CPP limitations. As such, the ALJ did not rectify their error when evaluating the persuasiveness of Dr. Siddique's opinion.

that explains the rationale supporting their determination of the materiality of DAA so that a subsequent reviewer considering all of the evidence in the case record is able to understand the basis for the materiality finding and the determination of whether the claimant is disabled.").

Remand is further warranted because, at the hearing, a vocational expert testified that if an individual were to be off task more than 10 percent of the workday, outside of normal breaks, that person could not maintain competitive employment. Tr. 48. Given this testimony, an analysis that properly accounts for Plaintiff's mental impairments, including her moderate CPP limitation, may produce an RFC that precludes Plaintiff from performing jobs existing in the national economy. The Court must therefore remand this case to ensure that Plaintiff's RFC is assessed in accordance with SSA policy.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge